Mr. Justice GRIER
delivered the opinion of the court.
The error alleged is the refus'd of the court to give certain instructions, the substance of which, when extricated from the máss of verbiage with which it is encumbered, seems to be, “that the plaintiff had a right to claim any mode of combining” the various mechanical devices, in the improved machine, which would produce the same effect or result, as mere equivalents for those described in his patent. The court refused to give this instruction to the jury-;, but, on the contrary, instructed them in the language quoted *328 in the reporter’s statement.* The instruction there quoted is a correct exposition of the law, and if it produced a verdict in favor of defendant, the plaintiff had no right to complain.
The plaintiff’s original patent limited his claim, very properly, to the particular devices and combination of parts which constituted his improved machine. But as this claim was not broad enough to cover the improvement described in defendant’s patent, the plaintiff surrendered his, and had it reissued with a more expanded claim. It is for the infringement. of this reissued patent that the action is brought.
TVc have had occasion to remark, in a late case,† on this new art of expanding patents for machines into patents for “ a mode of operation,” a function, a principle, an effect or result, so that by an equivocal use of the term “ equivalent,” a patentee of an improved machine may suppress all further improvements. It is not necessary again to expose the fallacy of the arguments by which these attempts are sought to be supported, though we cannot hinder their repetition.
Let the judgment be aeeirmed.

 Supra, p. 825.

 Burr v. Duryee, 1 Wallace, 586; see, also, McCormac v. Talcott, 20 Howard, 405.